IN THE MATTER OF PROCEEDINGS BY THE BOSTON, HOOSAC TUNNEL AND WESTERN RAILWAY COMPANY TO ACQUIRE THE RIGHT TO CROSS THE RAILROAD OF THE TROY AND BOSTON RAILROAD COMPANY.

In proceedings under the provision of the railroad act (subd. 6, § 28, chap. 140, Laws of 1850) by one railroad company to acquire the right to cross the railroad of another company, the petition was verified by one styling himself the consulting engineer of the petitioning company; it did not appear that he was an officer of said company; the other company answered the petition on the merits and went to a hearing on the petition and answer; it did not appear that any objection was made as to the verification.  *Held*, that it was too late to raise the objection on appeal to this court; that by omitting to raise it below, it was waived. (DANFORTH, J., dissenting.)

A defect in the verification of the petition is not a jurisdictional defect. (DANFORTH, J., dissenting.)

The petition alleged the inability of the two companies to agree upon the points and manner of crossing, and the compensation to be made therefor; this was not denied in the answer, and there was no offer to disprove it.  *Held*, that proof thereof was not required to be given by the petitioner.

In such proceedings proof is not required on the part of the petitioner as to allegations of the petition not put in issue.

Said act authorizes more than one crossing by a railroad company of the track of another road.

The fact that the road of the petitioning company, at some points, is parallel with the road sought to be crossed, does not exclude said company from the provisions of the act.

The points of crossing are not necessarily fixed by the notice of the location of the new road, and the failure of the company, whose road is sought to be crossed, to object within fifteen days.  The general provisions of the statute in regard to such location, and the right of property owners to object, are not applicable.

Objections to the proposed points of crossing, on the ground that they interfere with lands of the old company, already appropriated for stations, etc , are not proper to be raised on application for the appointment of commissioners; they are matters to be considered by the commissioners.

*It seems*, that said act does not authorize the invasion of lands or buildings already appropriated to railroad uses which, in their nature, require an exclusive occupation, or which would be materially impaired by subjecting the land to the new use.

*It seems*, also, that if the commissioners, in locating the crossings, violate the legal rights of the old company, in the respect last mentioned, their action is reviewable.

So, also, it *seems* that the right to object to disturbance in the enjoyment of premises, devoted to public uses which require the enjoyment to be exclusive, is not waived or forfeited by an omission to apply within the statutory time for a change of location.

(Argued November 11, 1879; decided November 25, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, affirming an order of Special Term, appointing commissioners to fix the points, and manner, in which the Hoosac Tunnel and Western Railway Company should cross the road of the Troy and Boston Railroad Company, and the compensation therefor.

The petition alleged the filing of the proper maps showing the proposed crossings, and the service of notice of location of the proposed road on the Troy and Boston Company, and the lapse of fifteen days before the filing of the petition. The proposed route of the new road, for about twenty-three miles, is nearly parallel with the old road, crossing it twice in a distance of about four miles. The petition alleged an attempt and failure to agree with the Troy and Boston Company, as to the points and manner of crossing, and the compensation to be paid. This was not denied in the answer. The petition was verified by T. Haskins DePuy, who states in his affidavit of verification that he is "the consulting engineer in charge of the engineering, and construction of the railway described in the foregoing petition."

The answer alleged, in substance, among other things, that the petitioner's road could be constructed without unusual expense, with but one crossing; that the proposed road is so located that it will take lands from the Troy and Boston Company, necessary to it for turn-outs, sidings, double tracks and tank-houses. The Special Term on presentation of the petition and answer refused to take proof, and ordered the appointment of commissioners.

Further facts appear in the opinion.

*Esek Cowen* and *Samuel Hand*, for appellant.   The order is void, for the reason that the petition does not state facts sufficient to give the court jurisdiction, and is not properly verified.   (*Hill* v. *Bond*, 22 How., 272 ; *Brewer* v. *Tucker*, 13 Abb., 76 ; *In re Haynes*, 18 Wend., 611 ; *Yates* v. *North*, 44 N. Y., 271.)   The petitioner could not take land already dedicated to a similar public use, and held by the Troy and Boston Company for necessary railroad purposes.   (*Matter of B. and A. R. R.*, 53 N. Y., 574; *Matter of City of Buffalo*, 64 id., 547; id., 68 id., 171.)

*E. W. Paige*, for respondent.   The court correctly ruled all the answers, after the first, to be immaterial.   (*Matter of Buff. and L. R. R.*, 77 N. Y., 557; 15 Hun, 365.)

RAPALLO, J.   This appeal is taken from an order of the General Term, affirming an order of the Special Term, appointing commissioners to determine the points and manner of crossing the appellant's railroad, by the petitioner.   The appellant objects that the petition is not properly verified, and that there is no proof of the inability of the two companies to agree upon the points and manner of crossing, and the compensation to be made therefor.   The verification is made by T. Haskins DePuy, who states that he is consulting engineer of the petitioning company.   It does not appear whether or not he is an officer of the company.   It does not appear that any objection on this ground was made in the court below.   On the contrary the appellant answered the petition on the merits, and went to a hearing on the petition and answer.   It seems to us that it is too late to raise this objection here.   If made when the petition was presented, the verification could have been supplied, or proof that Mr. DePuy was an officer might have been furnished.   By answering, and going to a hearing without objection, the imperfection was, we think, waived.

The want of proof of inability to agree does not, we think, invalidate the proceeding.   That fact was alleged in the

petition, and not denied in the answer, and there was no offer to disprove it. I do not understand that any proof on the part of the petitioner is required in these proceedings as to allegations which are not put in issue.

A defect in the verification of the petition is not in our judgment a jurisdictional defect. The statute leaves the matter of verification to be regulated by the practice of the court, and prescribes no precise formalities.

The next point urged is that the statute does not authorize more than one crossing by a railroad company of the track of another. We do not think this point tenable. The statute authorizes the crossing and intersection of a railroad at any point on its route, and speaks of such intersections and connections and crossings in the plural number. It provides that if the two corporations cannot agree upon the points and manner of such crossings and intersections, etc., commissioners may be appointed. The very purpose of providing for the appointment of these commissioners is to determine, in case of dispute, at what points the crossings shall be made, and in what manner, and it is the obvious duty of these commissioners to see that the crossings are not made in such a manner, or at such points, as to unnecessarily interfere with the operation of the road to be crossed.

We find nothing in the statute which would authorize us to exclude from its provisions roads which at some points run parallel with the road to be crossed. The points of crossing are not necessarily fixed by the notice of the location of the new road, and the failure of the company owning the previously constructed road to object to such location within fifteen days. The subject of crossing existing railroad tracks being specially provided for, and the proceedings by which the points of crossing are to be determined being pointed out by the statute, the general provisions in regard to the location of the road and the right of property owners to object to such location, are not applicable to the matter of crossing, and cannot deprive existing roads of any of the protection which the provisions in respect to crossings afford them.

The objections raised to the proposed points of crossing, on the ground that the crossings at those points will interfere with lands of the appellant already appropriated for stations and other uses connected with the operation of its railroad, are premature at this stage of the proceeding. They are matters to be considered by the commissioners, and the objections now urged may be obviated by their determination. Furthermore, the order appealed from expressly reserves all these questions by providing that it is without prejudice to the right of the appellant, on the coming in of the report of the commissioners, to raise any objection to the right to cross, which could have been raised preliminary to the granting of the order. The statute, it is true, provides that the crossings and intersections may be upon the grounds of the constructed railroad. This must necessarily be, as the crossing of the track must be upon the roadway of the company whose track is crossed, but we apprehend that it was not intended by this general language to authorize the invasion of lands or buildings already appropriated to railroad uses, which in their nature require an exclusive occupation, or which would be materially impaired by subjecting the land to the new use. Such lands could not according to the principles of our previous decisions be condemned for a new and inconsistent public use, at least without express legislative authority for thus changing the use. (*Matter of B. and A. R. R.*, 53 N. Y., 574; *Matter of City of Buffalo*, 64 id., 547; Same Matter, 68 id., 171.)

It cannot be presumed that commissioners would locate a crossing on any such lands, or at any point where, to render the crossing available, it would be necessary to invade any such lands or constructions thereon. If they should, their action would be reviewable, and the crossing would be unavailable if so located that the company crossing could not obtain a right of way beyond the point of crossing. All these matters are necessarily to be considered in determining the points and manner of crossing. This duty does not devolve upon the court in the first instance, but upon the

commissioners whom it is authorized to appoint for the purpose. If they violate any legal right of the appellants their action can be reviewed. The right to object to disturbance in the enjoyment of premises devoted to public uses which require that the enjoyment should be exclusive, cannot be regarded as waived or forfeited by the omission to apply within the statutory time for a change of location. The provisions in respect to those applications are intended for a different purpose, and neither they nor the provisions in respect to crossings can be used as a means of enabling a railroad company to enter upon lands which are already so appropriated to one public use that they cannot consistently with that use be taken for another. To accomplish such a purpose legislation pointed to that end is required. The existing statutes do not appear to have any such object in view.

The order should be affirmed, with costs.

All concur, except DANFORTH, J., who concurs, except as to verification of petition, and on that point dissents.

Order affirmed.