In the Matter of the Application of the LAKE SHORE AND MICHIGAN SOUTHERN RAILROAD COMPANY, Appellant, to Change the Route of the NEW YORK, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

In the Matter of the Application of the NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant, for Commissioners to Examine Route of the NEW YORK, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

As to whether, where the proposed route of a railroad company crosses the track of an existing company, the latter can apply for the appointment of commissioners, under the General Railroad Act (§ 22, chap. 140, Laws of 1850, as amended by § 1, chap. 560, Laws of 1871), to change such route, *quære.*

On appeal to this court brought to review the decision of the commissioners appointed for such purpose, only questions of law can be considered and determined, and all that can be done by the General Term of the Supreme Court, or by this court, is to send the report back where errors of law have been committed.

Where commissioners to change the route are appointed on the application of an existing railroad company, they have no power to determine the grade at which the proposed route shall cross the tracks of the petitioner.

The fact that the route as located by the new company runs through ground already appropriated by the petitioner for transfer, storage and depot purposes does not make it error for the commissioners to refuse to adopt the route proposed by the petitioner. The question, whether the new company has located its line over lands it cannot condemn for railroad purposes, is not one properly to be determined by said commissioners.

(Argued March 8, 1882 ; decided June 30, 1882.)

APPEALS from orders of the General Term of the Supreme Court, in the fourth judicial department, entered upon orders made October 28, 1881, which affirmed the decision of commissioners appointed under section 22 of the General Railroad Act, to examine the proposed route of the New York, Lackawanna and Western Railroad Company, in the county of Erie.

Said proposed route crosses the lands and the tracks of the petitioners in the city of Buffalo. This route was affirmed by the commissioners.

The objections thereto are stated in the opinion.

*Daniel H. McMillan* for the L. S. & M. S. R. Co., appellant. The commissioners violated a legal right of the appellant in affirming the route proposed by the N. Y., L. & W. R. R. Co., as it crossed premises owned by the appellant for transfer, storage and depot purposes. (*Matter of B. & A. R. R.*, 53 N. Y. 574; *Matter of City of Buffalo*, 64 id. 547; *Matter of City of Buffalo*, 68 id. 171; *Matter of B., H. T. & W. Ry. Co.*, 79 id. 64; Laws of 1881, chap. 649, p. 890; 2 R. S, [7th ed.], § 1554.) The commissioners erred in predicating their determination on the ground that the route proposed by the appellant will substantially change the general route of the Lackawanna Company. (Laws of 1850, chap. 140, § 22 amended in 1871; McMaster's Railroad Law, p. 61.) The commissioners erred in refusing to consider the proposed routes with reference to their elevation, and in affirming the route proposed by the Lackawanna Company, upon the ground that they had no authority to determine that the crossing should be overhead as proposed by the Lake Shore Company, thus limiting their examination of the two routes to their alignment without reference to their vertical position. (Laws of 1850, chap. 140, § 22.) The General Term erred in affirming the determination of the commissioners, upon the ground of its limited power, and that it was not called upon without the aid of scientific advice or an examination of the *locus in quo* to overrule such determination upon questions of fact. (Laws of 1850, chap. 140, § 22; McMaster's Railroad Law, 61; *In re B. & L. R. R. Co.*, 77 N. Y. 575.)

*John G. Milburn* for the N. Y., L. E. & W. R. R. Co., appellant. The commissioners erred in affirming the proposed route of the respondent, for the reason that being laid across the freight yard of the appellant, it is one upon which the re-

spondent has no legal right to build a railroad. (*A. N. R. R. Co.* v. *Brownell*, 24 N. Y. 345; *B. & A. R. R. Co.* v. *Greenbush*, 52 id. 510; *Matter of B., H. T. & W. Ry. Co.*, 79 id. 68.) The commissioners erred in their decision that they had no power to determine in this proceeding whether that portion of the route of the respondent which crosses the lands and railroad tracks of the appellants should be at grade or at the elevation of the proposed alteration. (*Matter of the Petition of the L. I. R. R. Co.*, 45 N. Y. 364; *People, ex rel. R. R. Co.*, v. *Tubbs*, 49 id. 356; *Norton* v. *R. R. Co.*, 61 Barb. 476; *People* v. *N. Y. C.*, 74 N. Y. 302.) The commissioners erred in affirming the proposed route of the respondent, for the reason that, being laid through the freight and transfer yard used by the appellant in connection with the Lake Shore & Michigan Southern Railway Company, it is one upon which the respondent has no legal right to build a railroad. (*A. & N. R. R. Co.* v. *Brownell*, 24 N. Y. 345; *B. & A. R. R. Co.* v. *Greenbush*, 52 id. 510; *Matter of B., H. T. & W. Ry. Co.*, 79 id. 68; Laws of 1881, chap. 649.)

*Franklin D. Locke* for respondent.

Tracy, J. Where the proposed route of a railroad company, as located by the filing of its map, crosses the track or tracks of an existing company, it may well be doubted whether the last-named company can apply for the appointment of commissioners under section 22 of the General Railroad Act, as amended by the act of 1871 (Laws of 1871, chap. 560, § 1), to change the route of the road proposed to be constructed. Section 28 of the same act would seem to provide the means of determining all questions involved, as between railroad companies, where one seeks to carry its line across the line of the other; but as this question is one which should perhaps be raised upon an application for the appointment of commissioners rather than upon a motion to confirm their report, and as the commissioners have refused to change the route of the proposed road, we do not think it necessary to decide it.

On an appeal brought to this court from the determination of commissioners appointed under section 22, we are necessarily limited to considering and determining questions of law. If this court had the power, it would not be practicable for it to determine the appeal on the merits. We have not, nor can we have, the evidence before us upon which the commissioners acted.

The law requires them to examine the two routes, and their conclusion must in no small degree be determined by such inspection. No change can be made by the commission without the concurrence of the civil engineer, and he does not concur in the change proposed. It is not within the power of the court, therefore, to determine that such a change should be made. The most the General Term or this court could do would be to send the report back where errors of law have been committed.

It is insisted that the commissioners erred in holding that they had no power to determine the grade at which the proposed route should cross the tracks of the petitioners, but that such power was vested in the commissioners to be appointed under subdivision 6, section 28. In this we think no error was committed. There can be no doubt that the powers of a commission appointed under section 28, to ascertain and determine the manner in which the line of one road shall be carried across the tracks of another, cannot be limited or abridged by any action taken by a commission appointed under section 22. " The points of crossing are not necessarily fixed by notice of the location of the new road, and failure of a company owning the previously constructed road to object to such location in fifteen days. The general provisions in regard to the location of a road are not applicable to the manner of crossing, and cannot deprive existing roads of any of the protection which the provisions in respect to crossings afford them." (*In re Boston, Hoosac Tunnel & W. R'way Co.*, 79 N. Y. 67.)

A commission appointed under section 28 may determine the " line or lines, the grade or grades, points and manner of such crossing, and whether the crossing shall be beneath, at, or

above the existing grade, and upon the route designated on the map of the company seeking the crossing, required to be filed by section 22 of this act, or otherwise (Subd. 6, § 28, as amended by the Laws of 1880, chap. 583, § 1), as fully as it would have had if the commission provided by section 22 had never been appointed.

It is further urged that the commissioners erred in not adopting the route as proposed by the petitioners, because the route as located by the new company runs through grounds already appropriated by the petitioners for transfer, storage and depot purposes. We think such a question is not one that can properly be determined by commissioners appointed under section 22. If the new company has located its line over lands it cannot condemn for railroad purposes, a commission having the power to regulate the place and manner of crossing has ample authority to protect existing companies from such a violation of their rights.

We see no error of law committed by the commissioners appointed in these proceedings.

The orders of the General Term confirming the reports of the commissioners should be affirmed, with costs.

All concur.

Orders affirmed.