In the Matter of the Application of the NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, for the Appointment of Commissioners to examine the proposed Route of the NEW YORK, LACKAWANNA AND WESTERN RAILROAD COMPANY.

In proceedings under the General Railroad Act (§ 22, chap. 140, Laws of 1850) by an aggrieved land-owner to procure a change of the proposed route of a railroad, an appeal to this court does not lie to review questions of fact passed upon by commissioners after hearing testimony and personally inspecting the *locus in quo*.

As to whether an order in such a proceeding is in any case reviewable here, *quære*.

The question as to whether the crossing of another railroad should be at or over grade is not determinable in such a proceeding; but it seems may be determined and should be brought up under another provision of the act (§ 28, subd. 6).

(Argued April 5, 1885; decided June 16, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 4, 1882, which affirmed the decision of commissioners appointed under the provision of the General Railroad Act (§ 22, chap. 140, Laws of 1850) to procure a change of the proposed route of the New York, Lackawanna and Western Railroad Company, where it crosses the land and tracks of the petitioner.

The facts, so far as material, are stated in the opinion.

*D. C. Robinson* for appellant. This court has power to send the report back to the commissioners, where errors of law have been committed. (*Matter of L. S. & M. S. R. R. Co.*, 89 N. Y. 442.) The remedy under section 22 is the proper one where objection lies to the route. (*In re Lockport & Buffalo R. R. Co.*, 77 N. Y. 561.)

*J. McGuire* for respondent. The order of the General Term is not appealable to this court. (*In re N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y. 276; *Ex rel. S. & U. H. R. Co.*,

v. *Betts,* 55 id. 600; *Matter of D. & H. C. Co.,* 69 id. 209; *Matter of P. P. & C. I. R. R. Co.,* 85 id. 489; *Matter of N. Y., W. S. & B. R. R. Co.,* 94 id. 287.)   A reasonable and proper construction of section 22 of the General Railroad Act does not authorize one railroad company, whose right of way and tracks are proposed to be crossed by the tracks of a road of another company, to institute proceedings under that section for a change of route.   (*Matter of B. H. T. & W. R. R. Co.,* 79 N. Y. 64; *Matter of L. S. & M. S. R. R. Co.,* 89 id. 442.)   When the sole object of the Erie company, manifestly and concededly by the proceeding in question, was to require an over-crossing instead of at grade as proposed by the locating company, and the only question litigated being the alleged superiority of the former mode, a question was sent to the commissioners which they had no power to try or determine.   (*Matter of L. S. & M. S. R. R. Co.,* 89 N. Y. 442.)

RAPALLO, J.   This application was made under section 22 of the General Railroad Law, and commissioners were appointed by the Supreme Court to examine the route originally located by the respondent and the change proposed by the appellant.   This change, so far as it related to the route, was very slight, and the main object of the application seems to have been to change the manner of crossing the appellant's road, from a grade to an overhead crossing.   The commissioners, after taking testimony and personally inspecting the location of the route proposed by the respondent, and the substituted route proposed by the appellant, reported in favor of retaining the route originally located, assigning as the reasons for their conclusion, that an overhead crossing was quite as practicable by one route as the other, and that there was nothing in the testimony bearing upon that question which gave the alternate route any advantage over that originally located.

From this decision of the commissioners the appellant appealed to the General Term where it was affirmed, and from that order of affirmance the present appeal is taken.

We think the question involved was one of fact, and, independently of the general question of the appealability to this court of orders in proceedings of this description, under the General Railroad Law, it is very certain that such an appeal does not lie to review questions of fact passed upon by the commissioners after hearing testimony and personally inspecting the *locus in quo.*

The question whether the crossing of appellant's road should be at or over grade was determinable under subdivision 6 of section 28, and should be brought up under that section.

The appeal should be dismissed.

All concur.

Appeal dismissed.