In the Matter of the Application of the NEW YORK, LAKE ERIE & WESTERN RAILROAD COMPANY, Appellant, for the Appointment of Commissioners to Examine the Proposed Route of the PITTSBURG, LACKAWANNA & NORTH-EASTERN RAILROAD COMPANY, Respondent.

The mode of settling disputes as to proposed routes, between contesting railroad corporations, having been expressly provided for in the general railroad act (§ 28, Chap. 140, Laws of 1850), that mode is exclusive and withholds from such a corporation the right to institute proceedings to change the line of another railroad corporation proposing to cross its tracks under the provision of said act (§ 22), applicable to the public at large.

Accordingly *held*, that an order granted under section 22, upon the petition of a railroad corporation, for the appointment of commissioners to examine the proposed route of another railroad corporation with the view of procuring a change of such route where it crossed the road of the petitioner, was void.

(Submitted June 19, 1888; decided October 2, 1888.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made April 19, 1887, which reversed an order of Special Term appointing commis-

sioners herein and denied the application for such appointment.
(Reported below, 44 Hun, 215.)

The nature of the proceedings, and the facts so far as
material, are stated in the opinion.

*D. C. Robinson* for appellant.   A railroad company should
have the right to a natural construction of section 22 of chap-
ter 140 of Laws of 1850, as amended in 1871, in every case
where its alleged objections to the proposed route of the con-
structing company are such as run against the route itself,
rather than against the particulars of the proposed crossing
(*Hoosac Tunnel Case*, 79 N. Y. 64.)   A justice of the Supreme
Court may entertain a petition, under section 22 of the general
railroad act, by an existing railroad company, for the appoint-
ment of commissioners to examine the proposed route of
another railroad company across its lands.   (*In re Lockport &
Buffalo R. R. Co.*, 77 N. Y. 557; *Hoosac Tunnel Case*, 79
id. 67; 25 Hun, 20; 26 id. 245; *In re N. Y., L. E. & W.
R. R. Co.*, 88 N. Y. 280, 284; *In re L. S. & M. S. R. R.
Co.*, 89 id. 444; 99 id. 388.)

*Frank S. Smith* for respondent.   One railroad company,
whose tracks are crossed by the proposed route of another
company, is not entitled to take the proceeding to change
the said proposed route, but all questions between such
railroad companies must be determined under the proceed-
ing to fix the points and manner of crossing, provided by
statute.   (Laws of 1850, chap. 140, §§ 22, 28, as amended
by Laws of 1871, chap. 500, § 1; *In re L. S. & M. S.
R. R Co.*, 89 N. Y. 442; *In re Boston, H. T. & W. R.
Co.*, 79 id. 64; *In re N. Y., L. E. & W. R. R. Co.*, 99 id.
388.)   Even if it shall be held that one railroad company can
apply for the appointment of commissioners to change the
route of another company seeking a crossing, yet, as it appears
from the petition, that all the objections of the petitioner in
this proceeding have reference to the points, grade and manner
of crossing, and the sole object of the proceeding is to secure

an over-crossing instead of a grade-crossing, the petition should have been dismissed, and the petitioner relegated to the proceeding under section 28 of the general railroad act. (*In re N. Y., L. E. & W. R. R. Co.*, 99 N. Y. 388; 35 Hun, 232; *In re L. S. & M. S. R. R. Co.*, 89 N. Y. 442; *In re B. & H. T. R. R. Co.*, 79 id. 64; *In re Lehigh V. R. R. Co.* 93 id. 639.)

Ruger, Ch. J. The appellant, the New York, Lake Erie and Western Railroad Company, filed and served its petition under section 22 of chapter 140 of the Laws of 1850, being the general railroad act, to procure the appointment of commissioners to examine the proposed route of the Pittsburg, Lackawanna and North-eastern Railroad, in the town of Wayland, with a view of securing a change of its line, where it is expected to cross the track of the former company.

The reasons alleged in such petition for the desired change were that the proposed crossing was objectionable and dangerous:

(1.) Because it was proposed to be made at grade.

(2.) It crossed upon an acute angle.

(3.) It makes a sharp curve on either side of the petitioner's road.

(4.) It crossed near the petitioner's station, depot grounds and yard at Wayland.

(5.) It crossed near a sharp curve in the petitioner's line.

The objection was made by the respondent that the judge had no power to appoint commissioners for the purpose stated, under section 22 of the railroad act, but that the petitioner should have sought for relief in proceedings under subdivision 6 of section 28 of the same act. This objection was overruled and the judge appointed the commissioners. Upon appeal from the order of appointment the General Term reversed the order, upon the ground that the judge had no power, under section 22, to entertain an application for the purposes stated.

We are of the opinion that the order of the General Term was correct, for the reasons stated in the opinion of Judge

HAIGHT. That a railroad corporation cannot, under any circumstances, avail itself of the provisions of section 22, to effect a change in the route of another railroad, we do not undertake to decide, but we are of the opinion that where the objects sought are attainable, under section 28, that mode of proceeding is exclusive, and such objects cannot be secured by proceedings under section 22.

Section 22, in general terms, provides that every company formed under that act, shall make and file a map and profile of its proposed route through any county, and give written notice of the time and place of such filing to each actual occupant of land in such county proposed to be passed over by its track, and that any owner or occupant of such land, feeling aggrieved by such proposed location, may, within fifteen days after such notice, give notice of an application to a justice of the Supreme Court, for the appointment of a commission to examine the proposed route and the alteration thereof proposed by such owner and occupant and determine upon the propriety of such proposed alteration. In default of proceedings under this section by owners and occupants, it is obvious that it was the general intent of the act, to make the proposed route fixed and absolute, as against all those who were authorized to institute such proceedings. As to whether railroad corporations are included among such owners and occupants has been the subject of much discussion and consideration in the Supreme Court, and has resulted in conflicting decisions thereon. The question has not heretofore been directly passed upon in this court, but it has, on several occasions, been the subject of consideration here, and strong intimations have been given in favor of the views held by us on the subject.

It was held in *In re Boston, Hoosac Tunnel and Western Railway Company* (79 N. Y. 64), that the omission of a railroad company, whose track was proposed to be crossed by another railroad, to take proceedings under section 22, to effect a change of route, did not preclude it from availing itself of the power to contest the points of crossing

under proceedings authorized by section 28. The logical effect of this decision was, that railroad corporations were not bound by the provisions of section 22, precluding owners and occupants from objecting to the location of a proposed railroad, unless they instituted proceedings to effect a change of line within fifteen days after service of notice of the proposed route. If railroad corporations were intended to be included under the general terms "owners and occupants," as used in that section, there would seem to be no reason why they should not be bound, like other owners and occupants, to the finality of the proposed route after fifteen days have elapsed without proceedings taken.

It seems to us, from a consideration of the whole act, that the legislature intended to make a distinction between the modes to be adopted by railroad corporations, to acquire the use of the property of another railroad corporation, and that pursued against owners and occupants generally, whose property was intended to be taken through the exercise of the right of eminent domain. Any other construction would lead to conflicting results. Suppose a commission appointed under section 22 should determine to change the proposed route, and a subsequent commission appointed under section 28, should decide that the original point of crossing was the safest, best and most desirable for all parties, which would prevail? The authority conferring power upon the respective commissioners is equally broad in each case, and it is quite absurd to suppose that the legislature intended to give to either commission, authority to review and reverse the determination of its predecessor.

It is equally absurd to suppose that the legislature intended to give a railroad corporation the right to contest the crossing of its tracks by another corporation, through two successive and independent proceedings. Such a purpose cannot be ascribed to it, except by the use of clear and express provisions in an act providing therefor.

The mode of settling disputes, as to crossings between contesting railroad corporations, having been made the subject of

express provision by the statute, it must be held, in accordance
with established rules, that such mode is exclusive and was
intended to withhold from them the right to adopt proceedings
under general provisions applicable to the rights of the public
at large.

It is a settled rule of construction that when rights are con-
ferred by statute, and specific remedies provided therein for
their protection, that such remedies are exclusive and must be
pursued. (*Dudley* v. *Mayhew*, 3 N. Y. 14.) It seems to us
that this case is within the spirit of the rule.

Section 28 gives one railroad corporation a right to cross
and intersect the tracks of another, and provides, in case they
cannot agree upon the amount of compensation therefor, or
the line or lines, the grade or grades, points and manner of
such crossings or connections, the same shall be ascertained
and determined by commissioners. The tribunal authorized
by this section has, therefore, full authority to determine
whether the crossing shall be made above, below, or at
grade, to establish the points and manner of its crossing,
and, in short, to consider and decide every question
raised by the petition in this case, whether it relates to
the proximity of its station-yards and depot, the lines of the
respective roads, or the propriety of a grade crossing. (*In re
B., H. T. & W. R. Co.*, 79 N. Y. 64.)

It is unreasonable to suppose that the legislature intended
to provide that these rights should be adjudicated upon by
two independent and, perhaps, conflicting tribunals, with no
mode provided for reconciling and harmonizing incongruous
adjudications, if any should be made, and no rule laid down
whereby it could be resolved which determination should
prevail. The act is susceptible of another construction, and
we think it should be given to it. This was quite strongly
intimated (*In re Lake Shore and Michigan Southern Rail-
road Company*, 89 N. Y. 444), by Judge TRACY, and was
assumed to be the rule in respect to railroad crossings in *In re
New York, Lake Erie and Western Railroad Company* (99
N. Y. 388). By such a construction no substantial rights

·of a railroad company, whose tracks are proposed to be crossed, ·can be jeopardized, and it will not only deprive such corporation of an opportunity to embarrass rival corporations by ,successive and repeated litigation, but will render the scheme provided by the act consistent, reasonable and harmonious and capable of uniform, precise and impartial administration ·by the courts.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.